UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRECK L. ARNOLD, | § | |
| No. 1171361, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | NO. 3:05-CV-1041-R |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

    Parties: Petitioner Breck L. Arnold ("Arnold" or "Petitioner") is confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Huntsville, Texas. Respondent is the Director of TDCJ-CID.

    Statement of the Case**:** Petitioner pleaded guilty to three counts of delivery of cocaine in an amount of one gram or more but less than four grams enhanced with two prior felonies in cause numbers F02-35756-RH, F02-35757-KH, F02-35758-KH, two counts of delivery of

1

cocaine in an amount of four grams or more but less than 200 grams enhanced with two prior felonies in cause numbers F02-35759-KH, F02-35760-KH, and one count of possession with intent to deliver cocaine in an amount of four grams but less than 200 grams enhanced with two prior felonies in cause number F02-35761-KH. Petitioner was thereafter sentenced to 30 years imprisonment for each conviction, with the sentences running concurrently. His convictions were affirmed on appeal. *Arnold v. State*, Nos. 05-03-00798-CR, 05-03-00799-CR, 05-03-00800-CR, 05-03-00801-CR, 05-03-00802-CR, 05-03-00803-CR (Tex. App. - Dallas Jan. 29, 2004). Arnold's petitions for discretionary review ("PDR") were refused on May 12, 2004.

Arnold filed six habeas applications pursuant to Texas Code of Criminal Procedure, Article 11.07 on September 1, 2004. *Ex Parte Arnold*, Appl. No. 60,869-01 at 2, *Ex Parte Arnold*, Appl. No. 60,869-02 at 2, *Ex Parte Arnold*, Appl. No. 60,869-03 at 2, *Ex Parte Arnold*, Appl. No. 60,869-04 at 2, *Ex Parte Arnold*, Appl. No. 60,869-05 at 2, *Ex Parte Arnold*, Appl. No. 60,869-06 at 2. Each was denied without written order on the findings of the trial court without a hearing on January 12, 2005. Appl. No. 60,869-01 at cover; Appl. No. 60,869-02 at cover; Appl. No. 60,869-03 at cover; Appl. No. 60,869-04 at cover; Appl. No. 60,869-05 at cover; Appl. No. 60,869-06 at cover.

Petitioner filed the instant petition on May 12, 2005.[1] He filed two supplemental petitions on June 6, 2005 and July 13, 2005. Respondent filed his answer on July 26, 2005. A copy of Arnold's state records was filed on the same day.

---

[1] Petitioner filed two earlier habeas petitions, both of which were dismissed without prejudice for failure to exhaust state remedies on all claims made in the petition. *Arnold v. Dretke*, No. 3-04-CV-1974-L, 2004 WL 2296719, at *1 (N.D. Tex Oct. 13, 2004), *rec adopted by* Order, Nov. 22, 2004; *Arnold v. Dretke*, No. 3-05-CV-0273-K, 2005 WL 396294, at *1 (N.D. Tex. Feb. 17, 2005), *rec. adopted by* Order, Apr. 21, 2005.

2

<u>Findings and Conclusions</u>:  Petitioner asserts two grounds for relief in his petition.  First, Arnold contends that his counsel was ineffective because he: (1) coerced Arnold into pleading guilty, (2) falsely promised Arnold that he would receive probation if he pleaded guilty and (3) failed to withdraw Arnold's guilty plea after the trial court failed to sentence him to probation.[2]  In his affidavit attached to his petition, Arnold also alleges that his attorney failed to provide him with copies of various legal papers.  Second, Arnold asserts that his guilty plea was unlawfully induced by his attorney.

Review of Arnold's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") which, in pertinent part, provides that a federal court cannot grant relief under § 2254 of the act unless the adjudication of the state prisoner's claim in the state court system "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C § 2254(d)(1)-(2) (1996).  Findings of fact made by a state court are presumed to be correct absent clear and convincing evidence rebutting the presumption.  § 2254(e)(1).  Where a petitioner challenges a state court's application of federal law under § 2254(d)(2), the petitioner must also show that the state court's decision was not only erroneous, but objectively unreasonable.  *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 4 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409, 120 S. Ct. 1495, 1521 (2000)).

---

[2] Arnold mistakenly states that his guilty plea was the result of a plea bargain, and cites case law regarding the withdrawal of a guilty plea after a judge indicates his unwillingness to follow a plea agreement.  However, the plea agreement signed by Arnold shows that he entered an "open" plea.  *See e.g. Ex Parte Arnold*, Appl. No. 60,869-01 at 32-33 (Plea Agreement).

3

While Arnold asserts two separate grounds of error, both can be discussed in tandem because they both take aim at counsel's performance during the plea process.[3] And where a defendant pleads guilty upon the advice of counsel, he "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was constitutionally deficient. *Hill v. Lockhart*, 474 U.S. 52, 56-57, 106 S. Ct. 366, 369 (1985) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973)).

An attorney's conduct is governed by the standards set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). There is a strong presumption that an attorney's conduct

---

[3] The State argues in its Answer that Arnold's habeas petition contains two unexhausted claims. The State asserts that Arnold failed to exhaust both the claim that his attorney coerced him into pleading guilty and the claim that his attorney did not give him copies of various legal papers.

A state prisoner seeking federal habeas corpus relief is required to exhaust available state remedies. Indeed, a federal court cannot grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1)(A). In order to exhaust state remedies a petitioner must have fairly presented the substance of his claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512-13 (1971). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal petition. *Anderson v. Harless*, 459 U.S. 4, 6-7, 103 S. Ct. 276, 277-78 (1982).

A review of Arnold's 11.07 petitions show that Arnold specifically discussed both the coercion issue and the failure to provide copies of legal papers in his petitions. In his petition, under Ground 1, Arnold alleged that "applicant was denied the effective assistance of counsel in that applicant *was coerced by his trial attorney to enter plea of guilty in exchange for probation*..." *See*, *e.g.*, *Ex Parte Arnold*, Appl. No. 60,869-01 at 7. Later, under Ground 1, Arnold continues, "...Mr. Patterson handle my case's was ineffective assistance of counsel, *he never told me or show me any kind of legal papers*...[sic]." *Id*. While Arnold's 11.07 petition was not a model of clarity, he nevertheless "fairly presented the substance of" both disputed claims to the Texas Court of Criminal Appeals. *See Picard*, 404 U.S. at 275-276, 92 S. Ct. at 512-13. Likewise, Magistrate Judge Kaplan, who reviewed Arnold's second habeas petition, found that Arnold had exhausted his state remedies with respect to the claims that his guilty pleas were unlawfully induced and that he received ineffective assistance of counsel. *Arnold*, 2005 WL 396294, at *1. Judge Kaplan's findings and recommendations were accepted as the findings of the district court. *Arnold v. Dretke*, No. 3-05-CV-0273-K, 2005 WL 991298, at *1 (N.D. Tex. Apr. 21, 2005). Thus, the disputed issues were properly exhausted.

falls within the broad range of reasonable professional assistance required under the Sixth Amendment.  *Id*.  at 690, 104 S.  Ct. at 2066.  To overcome this presumption a habeas petitioner must establish that: (1) the attorney's conduct was constitutionally deficient (causation) and (2) but for the such unprofessional errors, the result probably would have been different (prejudice).  *Id*.  at 687-88, 694, 104 S.  Ct.  at 2064, 2068.   Failure to prove either prong of the two-part test forecloses relief.  *Id.* at 697, 104 S.  Ct.  at 2069.

Where a defendant pleads guilty or nolo contendere and later challenges the effectiveness of his counsel during the plea process, a court reviews the ineffectiveness claim under the *Strickland* standard.  *Hill*,  474 U.S. at 57, 106 S. Ct.  at 369-70.  Thus, in order to satisfy the causation prong of the *Strickland* test, a defendant must show that counsel's performance "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 687-88, 104 S.  Ct.  at 2064.  Then, in order to establish prejudice, a defendant must show that, "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59, 106 S.  Ct.  at 370.

Arnold's trial counsel stated in his affidavit that he fully discussed the nuances of Arnold's case with him, including the sentencing range he was facing as a defendant with multiple prior felonies, his right to a jury trial, the possibility of obtaining deferred adjudication coupled with drug treatment, and the risks involved with making an "open plea."    *See e.g. Ex Parte Arnold*, Appl.  No. 60,869-01 at 30 (Aff.  of Tr.  Att'y).  Additionally, counsel stated that he provided Arnold with copies of all legal paperwork and discussed with Arnold any paperwork that Arnold signed.  *Id*.

Likewise, trial counsel's assertions are supported by the record.  After making his plea in

5

open court, Arnold confirmed that he was making his plea freely and voluntarily and that he understood that he could be sentenced to a minimum of 25 years in prison and a maximum of 99 years in prison on each felony count. (Rep.'s R. v.1 at 7.) Additionally, Arnold's claims were fully explored and addressed on their merits by the trial court in the context of his 11.07 applications. *See*, *e.g.*, Appl. No. 60,869-01 at 25-29 (Trial Ct.'s Findings of Fact and Conclusions of Law). After reviewing the affidavit of Arnold's trial counsel, the trial court found that his statements were "true, correct and dispositive" of Arnold's allegations and that counsel "exercised all of the skill and expertise which one could reasonably expect of an attorney." *Id*. The Texas Court of Criminal Appeals accepted the findings of fact and conclusions of law of the trial court. *See*, *e.g.*, *Ex Parte Arnold*, Appl. No. 60,869-01 at cover.

      Arnold has failed to present any evidence to overcome the presumption that the state court's findings of fact regarding counsel's performance during the plea process are correct. *See* § 2254(e)(1). Therefore trial counsel's affidavit is deemed a true statement of the events surrounding Arnold's plea. Furthermore, Arnold has failed to overcome the presumption that the state court's application of federal law was objectively unreasonable. *See Yarborough*, 540 U.S. at 5, 124 S. Ct. at 4 (citing *Williams v. Taylor*, 529 U.S. at 409, 120 S. Ct. at 1521). Not only did Arnold fail to show that his counsel's performance fell below objective standards of reasonableness, he also failed to even allege that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. *See Hill*, 474 U.S. at 59, 106 S. Ct. at 370.

RECOMMENDATION:

Petitioner has failed to show that he is entitled to relief pursuant to 28 U.S.C. § 2254. Specifically, he has failed to establish that the decision of the Texas Court of Criminal Appeals constituted a decision which met the prerequisite of § 2254(d)(2). It is therefore recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to counsel for Petitioner and to counsel for Respondent.

Signed this 14th day of September, 2005

*Wm. F. Sanderson, Jr.*
Wm. F. Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.